IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATTYANN BATZE HARRIS | * | |
| | * | |
| v. | * | Civil Case No. GLR-14-2220 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions, and Ms. Harris's reply. [ECF Nos. 11, 12, 13]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Harris applied for Disability Insurance Benefits on April 1, 2008, alleging a disability onset date of September 11, 2007. (Tr. 199-207). Her claim was denied initially on June 6, 2008, and on reconsideration on November 14, 2008. (Tr. 116-19, 121-22). An Administrative Law Judge ("ALJ") held a hearing on June 16, 2009, (Tr. 72-96), and subsequently denied benefits to Ms. Harris in a written opinion dated September 3, 2009. (Tr. 99-109). On March 16, 2011, the Appeals Council remanded the case to the ALJ for further proceedings. (Tr. 110-13). Subsequently, the ALJ held a new hearing on May 31, 2012. (Tr.

51-71), and issued a second decision again denying benefits on July 17, 2012. (Tr. 33-50). This time, the Appeals Council declined review, (Tr. 26-31), making the ALJ's 2012 decision the final, reviewable decision of the agency.

The ALJ found that Ms. Harris suffered from the severe impairments of rheumatoid arthritis, diabetes, and asthma. (Tr. 38). Despite these impairments, the ALJ determined that Ms. Harris retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), which is simple, routine, and unskilled, SVP 1 or 2 in nature, low stress, low memory, and low concentration, defined as one or two step tasks, no production-rate paced work, and jobs with no decision-making, changes in the work setting, or judgment to perform the work, and jobs that allow her to deal with things rather than people. In addition, the claimant is limited to jobs that require only occasional fine manipulation or dexterity due to stiffness in her fingers. The claimant can occasionally push/pull, but cannot perform overhead reaching. She further requires jobs that would allow her to avoid odors, gases, fumes, dust, and like substances due to her asthmatic condition. The claimant is able to sit for 30 minutes and stand for 30 minutes, consistently, on an alternate basis, or at will, eight hours a day, five days a week, must avoid heights and hazardous machinery due to vertigo as well as temperature and humidity extremes. The claimant is able to lift 10 pounds occasionally and lesser amounts frequently.

(Tr. 40). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Harris was capable of performing jobs existing in significant numbers in the national economy. (Tr. 45-46). Accordingly, the ALJ determined that Ms. Harris was not disabled. *Id.*

Ms. Harris disagrees. She raises two primary arguments in support of her appeal: (1) that the ALJ assigned inadequate weight to the opinions of her treating physicians, Drs. Gomez and Khalil, and to the opinion rendered by a consultative examiner, Dr. Reddy; and (2) that the ALJ erred in making an adverse credibility finding. I agree generally that the ALJ's analysis of (1) Dr. Reddy's consultative examination and (2) the records of one of her treating physicians, Dr. Crouch, was not supported by substantial evidence because the ALJ failed to acknowledge or discuss her diagnosis of fibromyalgia. I therefore recommend that the case be remanded for further consideration.

At the time of the ALJ's 2009 opinion, Ms. Harris had not been diagnosed with fibromyalgia ("FMS"). Dr. Crouch first diagnosed FMS in March of 2010, and continued to confirm that diagnosis and to prescribe medications targeting FMS in later visits over several years. *See, e.g.* (Tr. 499) ("The positive RF and antiCCP antibody are consistent with RA but much of her pain is due to FMS."); *see also* (Tr. 497, 498, 500, 501). Moreover, during the consultative examination with rheumatologist Dr. Reddy on December 11, 2011, Dr. Reddy found that Ms. Harris "has multiple tender points throughout the entire body secondary to fibromyalgia." (Tr. 518). Despite this diagnosis, confirmed by two physicians, the ALJ did not address FMS at all in his 2012 opinion. In fact, the ALJ seems to have conscientiously avoided any mention of fibromyalgia in his summaries of the records from Dr. Crouch and Dr. Reddy. *See* (Tr. 43) (noting that "Dr. Crouch questioned whether or not the claimant really has rheumatoid arthritis" but failing to mention his alternative diagnosis of FMS); *Id.* (stating that "Dr. Reddy detected multiple tender points" but eliminating the phrase "secondary to fibromyalgia" from the sentence in Dr. Reddy's report).

In addition to the general principle that an ALJ should assess each of a claimant's diagnoses, Social Security Ruling 12-2p, which became effective on July 25, 2012, governs the evaluation of fibromyalgia in disability claims. SSR 12-2p, 2012 WL 3104869 (July 15, 2012). SSR 12–2p went into effect just after the ALJ's July 17, 2012, decision, but before the Appeals Council declined review of Ms. Harris's claim on July 25, 2013. Although Social Security Rulings do not carry the "force and effect of the law or regulations," *see Heckler v. Edwards*, 465 U.S. 870, 873 n. 3 (1984), they are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). Accordingly, SSR 12-2p governed the Appeals Council's consideration of Ms. Harris's disability claim. However, it does not appear that the

Appeals Council considered whether SSR 12-2p affected the outcome of Ms. Harris's claim. See (Tr. 26-27). This Court and other district courts have found remand appropriate for consideration of SSR 12-2p where that ruling was issued between the ALJ's opinion and the decision of the Appeals Council. *See Lillard v. Comm'r, Soc. Sec.*, No. 13–cv–1458–JKB, 2014 WL 2004710, at *3 (D. Md. May 14, 2014); *Schuster v. Colvin*, No. 13–cv–0718–WJM, 2014 WL 803461 (D. Colo. Feb. 28, 2014); *Iles v. Colvin*, No. Cv–13–0221–F, 2014 WL 1330010 (W.D. Okla. March 31, 2014). A similar conclusion is appropriate here. On remand, the ALJ should evaluate Ms. Harris's FMS in accordance with the dictates of SSR 12-2p.

Finally, I note that the ALJ's adverse credibility assessment is largely premised on the fact that the ALJ discredited the severity of the pain Ms. Harris claimed to experience. Because the fibromyalgia diagnosis provides an alternative explanation for her complaints of pain, on remand, the ALJ should re-evaluate Ms. Harris's credibility in light of that diagnosis. In recommending remand, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Harris is not entitled to benefits is correct or incorrect.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 12);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 11);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  March 9, 2015                                        /s/
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge